UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01669-FWS-ADS                          Date: November 9, 2022
Title: Ing. Dipl.-Ing. (FH) Elhar Muminovic v. Blizzard Entertainment, Inc.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  Melissa H. Kunig  |  N/A  |
| --- | --- |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| --- | --- |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE**

### I.     Background

Plaintiff Ing. Dipl.-Ing. (FH) Elhar Muminovic ("Plaintiff"), appearing pro se, initiated this action against Defendant Blizzard Entertainment, Inc. ("Defendant") on August 25, 2022, in the United States District Court for the Southern District of New York.  (Dkt. 1.)  On August 29, 2022, the presiding Southern District of New York court sua sponte transferred this case to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1406 because Defendant resides in Irvine, Orange County, California.  (*See* Dkt. 3.)

Plaintiff has filed two documents since the transfer.  First, on October 11, 2022, Plaintiff submitted an application to electronically file documents as a pro se litigant.  (Dkt. 10.)  Second, on the same day, Plaintiff filed a "letter re announcement of the deposit regarding court fees," stating: "Enclosed I, Dipl.-Ing (FH) Elhar Muminovic, will send you the confirmation for the payment of the required fee!"  (Dkt. 11 at 1.)  The court later granted Plaintiff's application for pro se filing on October 20, 2022.  (Dkt. 13.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01669-FWS-ADS                    Date: November 9, 2022
Title: Ing. Dipl.-Ing. (FH) Elhar Muminovic v. Blizzard Entertainment, Inc.

## II.      Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (1994) (citation and internal quotation marks omitted). "Accordingly, 'the district courts may not exercise jurisdiction absent a statutory basis.'" *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005)). This threshold requirement "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884); *see also Orient v. Linus Pauling Inst. of Sci. & Med.*, 936 F. Supp. 704, 706 (D. Ariz. 1996) ("Federal subject matter jurisdiction is a threshold issue that goes to the power of the court to hear the case, so subject matter jurisdiction must exist at the time the action commences."). Additionally, because subject matter jurisdiction is a threshold inquiry, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8; *see also Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012) ("Under Federal Rule of Civil Procedure 8(a), a pleading must contain 'a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support.'").

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). "Federal question jurisdiction extends only in those cases in which a well-pleaded complaint establishes 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law.'" *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983)). However, "the

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01669-FWS-ADS                    Date: November 9, 2022
Title: Ing. Dipl.-Ing. (FH) Elhar Muminovic v. Blizzard Entertainment, Inc.

mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Easton*, 114 F.3d at 982.

By contrast, diversity jurisdiction exists where a plaintiff demonstrates that: (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Because courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh*, 546 U.S. at 514, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3); *see also Arbaugh*, 546 U.S. at 514 ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). "While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits . . . it is not so when the dismissal is for lack of subject matter jurisdiction." *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.").

## III.   Discussion

In this case, the court finds Plaintiff has not affirmatively pled any basis for federal subject matter jurisdiction. (*See generally* Dkt. 1.)  Instead, in the section entitled

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01669-FWS-ADS                    Date: November 9, 2022
Title: Ing. Dipl.-Ing. (FH) Elhar Muminovic v. Blizzard Entertainment, Inc.

"justifications of jurisdiction," Plaintiff states "[j]urisdiction exists in the United States District Court in New York, where in the event of lack of jurisdiction, the independent court must investigate the jurisdiction." (Dkt. 1 at 6.)  The court also finds the Complaint lacks allegations sufficient to establish federal question or diversity jurisdiction. (*See generally* Dkt. 1.)  Because the basis for federal subject matter jurisdiction is not evident from the face of the Complaint, Plaintiff is **ORDERED TO SHOW CAUSE** in writing why this action should not be dismissed for lack of subject matter jurisdiction within **sixty (60) days** of the filing of this order.  Failure to comply with the court's order may result in dismissal.  *See* Fed. R. Civ. P. 41(b)*; Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 693, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.").

Furthermore, the court observes that Plaintiff has not paid the filing fee and administrative fee as required by 28 U.S.C. § 1914 and the District Court Miscellaneous Fee Schedule or otherwise filed an application to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1914 ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . . ."); District Court Miscellaneous Fee Schedule ¶ 14 (stating that a party filing a civil action, suit or proceeding in district court must pay $52.00 in administrative fees in addition to the $350.00 statutory filing fee).  Although Plaintiff has attached a receipt that allegedly confirms Plaintiff's fee payment, the court notes that the receipt indicates that it comes from the United States District Court for the Northern District of California, specifically the "NDCA Criminal Debt, Civil and Criminal Bonds" department, and the amount paid ($325.00) does not match the statutorily mandated filing fee.  (*See* Dkt. 11.)  Thus, because Plaintiff has not paid the requisite filing fee to proceed in this District, i.e., the Central District

_____

**CIVIL MINUTES – GENERAL**                                                                 **4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01669-FWS-ADS                                  Date: November 9, 2022
Title: Ing. Dipl.-Ing. (FH) Elhar Muminovic v. Blizzard Entertainment, Inc.

of California, the court also **ORDERS** Plaintiff to pay the $402.00 filing fee **OR** file an application to proceed *in forma pauperis* within **sixty (60) days** of the filing of this order.

      Finally, the court advises Plaintiff that pro se parties must comply with all court orders, the Central District of California's Local Rules,[1] and the Federal Rules of Civil Procedure.[2]  *See* L. R. 83-2.2.3.  Non-compliance with court orders may result in the imposition of sanctions. *See* L. R. 83-2.2.4; *see also* Fed. R. Civ. P. 41(b) (in general), 37(b) (in discovery).

### IV.   Disposition

      For the reasons discussed above, the court **ORDERS** Plaintiff to complete the following:

- Plaintiff must show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction within **sixty (60) days** of the filing of this order.
- Plaintiff must pay the $350.00 filing fee and $52.00 administrative fee or file an application to proceed in forma pauperis within **sixty (60) days** of the filing of this order.

      The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk:  mku

---

[1] The Local Rules are available at http://www.cacd.uscourts.gov/court-procedures/local-rules.
[2] The Court may not provide legal advice to any party, including pro se litigants. Plaintiffs are advised that the Federal Pro Se Clinic offers free information and guidance to individuals representing themselves in federal civil actions.  The Santa Ana Clinic operates by appointment only.  You may schedule an appointment either by calling the Clinic or by using an internet portal.  You can call the Clinic at 714-541-1010, ext. 222, or you can submit an internet request at: https://prose.cacd.uscourts.gov/santa-ana or http://www.publiccounsel.org.  Clinic staff can respond to many questions with a telephonic appointment or through your email account.